IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILDERNESS WATCH, FRIENDS OF THE CLEARWATER, and WESTERN WATERSHEDS PROJECT | Case No. 4:16-CV-012-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| TOM VILSACK, U.S. Secretary of Agriculture; TOM TIDWELL, Chief, U.S. Forest Service; NORA RASURE, Regional Forester of Region Four of the U.S. Forest Service; CHARLES MARK, Salmon-Challis National Forest Supervisor; and VIRGIL MOORE, Director, Idaho Department of Fish and Game, | |
| Defendants. | |

## INTRODUCTION

The Court has before it motions to reconsider filed by defendants Forest Service and Virgil Moore, Director of the Idaho Department of Fish and Game (IDFG). The motions are fully briefed and at issue. For the reasons explained below, the Court will grant both motions in part.

## ANALYSIS

The plaintiffs filed this suit challenging the Forest Service's approval of an IDFG helicopter project in the Frank Church Wilderness to tranquilize and collar elk with monitors to trace their movements. Ignoring a prior directive of the Court, the Forest Service allowed the project to begin immediately, preventing plaintiff environmental

groups from being able to timely seek injunctive relief. Within three days the IDFG project was completed, and 57 elk and 4 wolves were collared.

The Court held that the project violated NEPA and the Wilderness Act, and was carried out in violation of a prior Court directive requiring the Forest Service to give notice of such projects to allow environmental groups time to object. The Court ordered that all the data on both wolves and elk gained from that operation be destroyed. The Court also enjoined the Forest Service from approving any future helicopter projects without delaying implementation for 90-days to allow affected groups to file challenges to the projects.

The defendants seek reconsideration of that decision, urging the Court to reverse its decision ordering the data to be destroyed, and seeking to narrow the scope of the injunction. The Court will turn first to the challenge to the data destruction issue.

The Forest Service argues that plaintiffs never requested an injunction preventing the Forest Service from considering the elk data – only the wolf data. Plaintiffs' complaint was so limited, but its briefing requesting an injunction urged the Court to order that all the data – on both wolves and elk – be destroyed. *See Plaintiffs' Brief (Dkt. No. 21-1)* at p. 25. The IDFG and the Forest Service have had a full and fair opportunity to address this issue and cannot argue they were surprised by the injunction issued by the Court.

The defendants argue next that the Court went too far in imposing a mandatory injunction requiring that the data be destroyed. The Court addressed this argument at length in its Memorandum Decision and will not repeat it here. It is enough to say that

the public interest demanded this consequence for the violations of NEPA, the Wilderness Act, and this Court's prior order, and that it was necessary to prevent future harm from the use of the data to track wolves and justify further helicopter intrusions on the Wilderness Area.

The defendants are on stronger ground in arguing that the portion of the injunction requiring 90-days notice be limited to "elk collaring activities." In a broader alternative, defendants propose applying it to "wildlife management activities." The plaintiffs object that these changes would unduly limit the injunction, although they would agree to a modification ensuring that the injunction would not apply to "helicopter operations that are necessary on an emergency basis to protect human health, safety, or property, such as search and rescue or fire control, or for emergency law enforcement activities."

The injunction must be tailored to be no broader than necessary. *See Nat. Res. Def. Council v. Winter,* 508 F.3d 885, 886 (9th Cir. 2007) (holding that "[i]njunctive relief must be tailored to remedy the specific harm alleged, and an overbroad . . . injunction is an abuse of discretion"). This case was about a helicopter project designed to further wildlife management activities in the Wilderness Area, and the injunction should be so tailored. Accordingly, the Court will adopt the defendants' suggestion that the 90-day notice requirement be limited to helicopter projects for "wildlife management activities." The Court will also adopt the suggestion of both sides that the injunction not apply to emergency operations to protect human health, safety or property.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions to alter or amend the judgment (docket nos. 54 & 55) be GRANTED IN PART AND DENIED IN PART. They are granted to the extent that they seek to amend the scope of the injunction issued in the Memorandum Decision (docket no. 52) and Judgment (docket no. 53). They are denied in all other respects.

IT IS FURTHER ORDERED, that the injunction issued in the Memorandum Decision (docket no. 52) and Judgment (docket no. 53) is amended to add the following language: The Forest Service is enjoined from approving any future helicopter projects for wildlife management activities without delaying implementation for 90-days to allow affected groups to file challenges to the projects. This injunction shall not apply to helicopter operations that are necessary on an emergency basis to protect human health, safety, or property, such as search and rescue or fire control, or for emergency law enforcement activities.

DATED: August 30, 2017

B. Lynn Winmill
Chief Judge
United States District Court