UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILDERNESS WATCH, FRIENDS OF THE CLEARWATER, and WESTERN WATERSHEDS PROJECT<br><br>    Plaintiffs,<br><br>        v.<br><br>TOM VILSACK, U.S. Secretary of Agriculture; TOM TIDWELL, Chief, U.S. Forest Service; NORA RASURE, Regional Forester of Region Four of the U.S. Forest Service; CHARLES MARK, Salmon-Challis National Forest Supervisor; and VIRGIL MOORE, Director, Idaho Department of Fish and Game,<br><br>    Defendants. | Case No. 4:16-cv-12-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it defendants' motion to stay judgment. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion in part, staying the Court's order to destroy the wolf collar data pending the appeal in this case, but will deny the remainder of the motion.

## LITIGATION BACKGROUND

The plaintiffs filed this suit to challenge the Forest Service's approval of a helicopter project carried out by the Idaho Department of Fish & Game (IDFG) in the

**Memorandum Decision & Order – page 1**

Frank Church Wilderness to tranquilize and collar elk with monitors to trace their movements. Ignoring a prior directive of the Court, the Forest Service allowed the project to begin immediately, preventing plaintiff environmental groups from being able to timely seek injunctive relief. Within three days the IDFG project was completed, and 57 elk and 4 wolves were collared.

The Court held that the project violated NEPA and the Wilderness Act, and was carried out in violation of a prior Court directive requiring the Forest Service to give notice of such projects to allow environmental groups time to object. *See Wilderness Watch v. Vilsack*, 229 F. Supp. 3d 1170 (D. Idaho 2017). The Court enjoined IDFG Director Virgil Moore from using in any manner or considering in any manner the elk and wolf radio-collar data at issue, and ordered that the data be destroyed. *Id.*

The Forest Service and IDFG appealed the Court's decision, and IDFG filed a motion to stay the Court's Judgment. More specifically, IDFG seeks to (1) stay that portion of the Court's Judgment requiring IDFG to destroy the elk and wolf data; and (2) stay the prohibition against use or consideration of the data. IDFG agrees that as a condition of such stay, IDFG will not use data, or maps or analyses derived therefrom, obtained from radio collars placed during the January 2016 helicopter project in the Frank Church Wilderness to locate wolves for lethal removal.

## LEGAL STANDARD

A stay is not a matter of right, "even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009). It is instead "an exercise of judicial discretion," and "the propriety of its issue is dependent upon the circumstances of the

**Memorandum Decision & Order – page 2**

particular case." *Id*. The IDFG bears the burden of showing that the circumstances justify an exercise of that discretion. *Id.* at 433–34.

The Court's decision is guided by four questions: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Washington v. Trump,* 847 F.3d 1151, 1164 (9th Cir. 2017). The first two factors are the "most critical," and the last two are reached "[o]nce an applicant satisfies the first two factors." *Id.*

## ANALYSIS

Turning first to the request to stay the destruction order, the Court finds that the IDFG could be irreparably injured if it ultimately prevails on appeal but was forced earlier to destroy the data. The likelihood that IDFG would prevail on appeal and obtain a reversal of the destruction order is perhaps helped by the lack of guiding precedent for that remedy – while the Court is confident in its ruling, the Circuit may disagree and would not be bound to affirm by any precedent. Thus, the first two criteria at least tip in favor of staying the data destruction order. Granting a stay will not prejudice the plaintiffs because the Court is not going to grant the second part of the stay application seeking to stay the ban on using or considering the data. The plaintiffs' main concern was that IDFG would use the data to hunt wolves during the pendency of the appeal. But that will not occur if the ban is continued.

Turning to the ban itself, there has been no showing that IDFG would suffer irreparable harm during the pendency of the appeal if it could not make use of the data – the slight effect on their game management duties would not rise to the level of irreparable harm. Moreover, the Court cannot find that IDFG has made a strong showing that it is likely to prevail on the issue of the ban on use of the data. The final two factors do not weigh in favor of a stay on the ban, and so the Court will deny the motion to that extent.

## Conclusion

Based on the analysis above, the Court will grant in part and deny in part the motion for stay. The Court will stay its order that the data be destroyed, but will not stay its order that the data not be used or considered for any purpose. The plaintiffs have also requested an order extending the injunction to cover any maps or other compilations of the data, but the injunction as written would include the use or consideration of any of these materials so no extension is necessary.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to stay (docket no. 69) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to stay the order that the data collected be destroyed. It is denied to the extent it seeks to stay the ban on any use or consideration in any manner of the data.



DATED: February 12, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge