**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED
MAR 9 2020
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILDERNESS WATCH; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> SONNY PERDUE, U.S. Secretary of Agriculture; et al., <br><br> Defendants-Appellants. | No. 17-35878 <br><br> D.C. No. 4:16-cv-00012-BLW <br><br> MEMORANDUM* |
| WILDERNESS WATCH; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> SONNY PERDUE, U.S. Secretary of Agriculture; et al., <br><br> Defendants, <br><br> and <br><br> VIRGIL MOORE, Director, Idaho Department of Fish & Game, | No. 17-35882 <br><br> D.C. No. 4:16-cv-00012-BLW |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant.

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted October 22, 2019
Portland, Oregon

Before: FARRIS, BEA, and CHRISTEN, Circuit Judges.

Appellants Sonny Perdue, Nora Rasure, Vicki Christiansen, Charles Mark (collectively, USFS), and Ed Schriever (the Director) of the Idaho Department of Fish and Game (IDFG) appeal the district court's permanent injunction ordering the non-use and destruction of radio telemetry data gathered from elk and wolves during a helicopter operation in the Frank Church-River of No Return Wilderness (Frank Church). USFS appeals the imposition of a 90-day implementation delay on all future helicopter-assisted wildlife operations. USFS and the Director argue that Wilderness Watch's claims fail for lack of standing and are moot, and that the district court abused its discretion by granting the injunction. The Director separately argues that the Eleventh Amendment bars this suit against him.[1] Neither USFS nor the Director challenge the district court's ruling that the helicopter

---

[1] Wilderness Watch's original complaint named only the USFS. The group amended its complaint following the completion of the helicopter operation to add the Director as a defendant, but did not allege any cause of action against him.

2

operation at issue in this suit violated the National Environmental Policy Act (NEPA) and the Wilderness Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand with instructions to modify the injunction. Because the parties are familiar with the relevant facts, we do not recite them here.

  1. We conclude that Wilderness Watch lacked standing to seek injunctive relief against the Director preventing use of the radio-collar data and requiring the destruction of any such data. The district court reasoned that it could enjoin the Director in this manner as a result of USFS's undisputed NEPA violations, citing *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391 (9th Cir. 1992). But to the extent federal courts have power to enjoin the actions of non-federal actors under the circumstances presented here, *Fund for Animals* states that the injunction must be tethered to some future, proposed action by the Director that "cannot proceed without the prior approval" of USFS. *Id.* at 1397. The future action the district court here enjoined—use and possession of data—needs no approval by the USFS or, indeed, any federal approval. The district court thus erred in finding that Wilderness Watch had standing to seek the requested injunctive relief against the Director under *Fund for Animals*. We reverse the portions of the district court injunction that prohibited the Director's use of the data

and that ordered the Director to destroy the data he possessed, and remand with instructions that such relief be excised from any injunction.[2]

2. We reject USFS's argument that Wilderness Watch lacked standing to seek injunctive relief against USFS. Standing is assessed at the outset of litigation. *See Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1171 (9th Cir. 2002). The allegations in Wilderness Watch's complaint demonstrated injury-in-fact, causation, and redressability. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Wilderness Watch sufficiently alleged injury due to USFS's failure to issue an environmental impact statement (EIS) and its denial of the transparency and deliberation assured by the NEPA process. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 23 (2008) ("Part of the harm NEPA attempts to prevent in requiring an EIS is that, without one, there may be little if any information about prospective environmental harms and potential mitigating measures."). In particular, the district court found that USFS failed to consider the cumulative impacts of the project.

---

[2] Because Wilderness Watch lacked standing to seek injunctive relief against the Director, we need not consider the separate jurisdictional question whether the Eleventh Amendment bars Wilderness Watch's suit against the Director.

We reject USFS's argument that the helicopter and animal-collaring operation's impact on the wilderness character of the Frank Church was too speculative to support standing and is moot. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 183–84 (2000). Wilderness Watch's complaint sufficiently pleaded that the impending operation would impact its members' enjoyment of the Frank Church's pristine, untrammeled character. Additionally, USFS's own documents stated that future helicopter-assisted game-management operations, which would threaten wilderness character, were "reasonably foreseeable."

The district court could grant mitigating relief by ordering that USFS not use the data when considering future permits for helicopter landings in the wilderness area. *See Neighbors of Cuddy Mountain v. Alexander*, 303 F.3d 1059, 1065–66 (9th Cir. 2002). The NEPA claims did not become moot once the helicopter operations were complete because, as the district court correctly concluded, USFS's actions leading up to the operation satisfy the "capable of repetition yet evading review" exception. *See Greenpeace Action v. Franklin*, 14 F.3d 1324, 1329–30 (9th Cir. 1992).

USFS was aware that Wilderness Watch had lodged objections to the proposed operation and planned to challenge the permit in court at the first

5

opportunity. On Wednesday, January 6, 2016, Wilderness Watch received notice of final agency action and requested a copy of the permit. On Thursday, January 7, Wilderness Watch received a copy of the permit, effective immediately, and filed its complaint. Wilderness Watch requested that the agency halt implementation of the operation to allow for a legal challenge. USFS did not respond to this request until close of business on Friday, January 8. The agency denied the request. Wilderness Watch prepared a motion for emergency injunctive relief on Saturday, expecting to file it first thing on Monday, only to receive notification on Sunday that the operation had been completed earlier that morning. This sequence of events transpired in spite of the district court's admonishment to USFS, in a 2010 proceeding regarding a similar helicopter operation, that the agency would be expected to issue future permits with enough time to allow for potential legal challenges. *Wolf Recovery Found. v. U.S. Forest Serv.*, No. CV 09-686-E-BLW, 2010 WL 2898933, at *1 (D. Idaho July 21, 2010). The record shows that in the weeks leading up to the issuance of the subject permit, Wilderness Watch reminded USFS of the 2010 order. The record also makes clear that IDFG plans future helicopter operations, and that USFS approval was motivated, at least in part, by the IDFG's threat to proceed irrespective of USFS approval and the USFS's desire to avoid litigation with the Director. Because the parties'

6

underlying dispute remains unresolved, Wilderness Watch's NEPA claims "fall[] classically into that category of cases" that the exception to mootness seeks to address. *Padilla v. Lever*, 463 F.3d 1046, 1049 (9th Cir. 2006) (en banc) (discussing *Roe v. Wade*, 410 U.S. 113, 125 (1973)).

     3.    USFS argues that the district court's order imposing an implementation delay on all helicopter-assisted wildlife operations constitutes an impermissible, judicially imposed procedural rule in violation of *Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc.*, 435 U.S. 519 (1978). For reasons discussed below, we find that the district court abused its discretion in imposing an implementation delay on any and all future helicopter-assisted projects, and reverse and remand this portion of the injunction to be narrowed to apply only to future IDFG projects in the Frank Church. Narrowed as such, the implementation delay does not implicate *Vermont Yankee*. A district court's discretion to fashion equitable remedies for NEPA violations necessarily allows the imposition of *some* requirements on an agency. *See Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 524 F.3d 917, 936 (9th Cir. 2008). An implementation delay narrowly tailored to future IDFG projects is a remedial measure similar to those we have affirmed in other cases. *See, e.g., id.* at 936–38 (upholding district court's order that agency produce a "failure report" to the

district court if the agency believed it could not comply with the court order within the given time frame); *Alaska Ctr. for the Env't v. Browner*, 20 F.3d 981, 986–87 (9th Cir. 1994) (upholding district court's order that EPA produce report on water quality monitoring). Requiring a delay does not impose any additional requirements, beyond those already imposed by NEPA, on how USFS reviews future IDFG proposals for helicopter-assisted wildlife operations. It merely ensures time for adequate review of any challenges. *See id.* ("While issuing these general directives to ensure ultimate compliance with the [statute], the court was careful to leave the substance and manner of achieving that compliance entirely to the [agency].").

USFS argues the district court abused its discretion in ordering the implementation delay by failing to apply the four-factor test for permanent injunctive relief mandated by *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010). Before a permanent injunction issues, a plaintiff must demonstrate irreparable injury, that remedies at law are not available, that the balance of hardships warrants the remedy, and that the injunction serves the public interest. *Id*. We agree with the district court's analysis that the harm to Wilderness Watch from IDFG helicopter-assisted projects constitutes irreparable injury for which damages at law are unavailable. The public interest suffers when actions in

8

the wilderness evade judicial review, thereby preventing full inquiry into whether an agency complied with proper NEPA procedures. Although Wilderness Watch demonstrated irreparable injury from IDFG helicopter-assisted projects in the Frank Church, the district court order can be read to impose an across-the-board implementation delay, without geographic limitation. Wilderness Watch has not demonstrated irreparable injury from helicopter-assisted projects beyond IDFG projects in the Frank Church and thus the district court abused its discretion in imposing an implementation delay with a broader effect.

In addition, the district court erred by deciding that the hardship required a three-month delay. The record does not support a delay of this duration. The IDFG proposal stated that "[w]inter is the optimal time for capture because elk are in larger groups and are more concentrated on open shrub winter range," and because other air traffic during that time is "minimal." A 90-day delay could encompass an entire season, potentially pushing off seasonal game management operations for a year. Balancing the hardships to both parties requires providing plaintiffs time for a legal challenge, but it does not favor a delay so extensive that it forecloses season-dependent work. We therefore conclude that the district court abused its discretion by imposing a delay of 90 days, and remand this portion of the injunction to be narrowed to 30 days, to properly balance the hardships

9

between the parties. At the same time, for reasons discussed above, the district court must narrow this portion of the injunction to apply only to IDFG helicopter-assisted projects in the Frank Church.

We reject USFS's argument that the district court improperly sought to coerce compliance with its 2010 order in *Wolf Recovery*, 2010 WL 2898933 at *1, without applying the laws governing civil contempt. *See also Wolf Recovery Found. v. U.S. Forest Serv.*, 692 F. Supp. 2d 1264, 1270 (D. Idaho 2010). The district court's permanent injunction order made no mention of contempt and did not cite to authorities indicating that it intended to rely on its contempt power to enforce the 2010 order. Instead, the district court plainly fashioned an equitable remedy to address the undisputed NEPA violations.

4. Regarding the non-use and destruction of the data IDFG collected, the district court enjoined the use of the elk and wolf data "in any manner" and ordered the data destroyed. As explained above, Wilderness Watch lacked standing to seek injunctive relief preventing the Director from using the radio-collar data and requiring the destruction of the data. As to USFS, however, the district court had the authority to fashion equitable relief to remedy the uncontested violations. *See Nat'l Wildlife Fed'n*, 524 F.3d at 936. The district court appropriately enjoined USFS from considering the data to support future permit applications. We

accordingly remand the data non-use order with instructions to the district court to narrow the "in any manner provision" so that it prohibits only the use of the data by USFS to justify, consider, support, or approve future permits for helicopter-assisted wildlife operations.

We remand the injunction to the district court to be modified in accordance with this disposition.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

The parties shall bear their own costs on appeal.